KETHLEDGE, Circuit Judge,
dissenting.
Although I agree with much of what the majority says in its opinion, one point of disagreement is dispositive. To begin, Blackston’s claim is that, under the Confrontation Clause, he was entitled to admit *363 Simpson’s and Zantello’s recantations as evidence in his second trial. The problem with that claim, at least on habeas review, is that not a single Supreme Court case holds that the Confrontation Clause guarantees any right to admit evidence — extrinsic or not — at trial. Instead the Clause guarantees two things: first, the defendant’s right to exclude certain out-of-court statements of a witness whom the defendant had no opportunity to cross-examine, see Crawford v. Washington, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); and second, the defendant’s right to cross-examine witnesses about matters especially important to their credibility, e.g., their potential bias or motive to present false testimony at trial. See Davis v. Alaska, 415 U.S. 308, 318, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Delaware v. Van Arsdall, 475 U.S. 673, 678, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); Olden v. Kentucky, 488 U.S. 227, 230, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988) (per curiam).
Neither right was violated here. Under Crawford, Blackston undisputedly had no right to exclude from his second trial Simpson’s and Zantello’s testimony from the first, since Blackston’s lawyer extensively cross-examined each of them about that very testimony. See Crawford, 541 U.S. at 68, 124 S.Ct. 1354. More to the point, Davis, Van Arsdall, and Olden, by their express terms, establish only a right of cross-examination — that is, a right to pose certain questions to a live witness at trial. See Davis, 415 U.S. at 313-14, 318, 94 S.Ct. 1105 (defendant had right to question witness about his burglary conviction and probation status); Van Arsdall, 475 U.S. at 679, 106 S.Ct. 1431 (defendant had right to question witness about the dismissal of charges against him); Olden, 488 U.S. at 229-30, 233, 109 S.Ct. 480 (defendant had right to question witness about her extramarital relationship). And that right of cross-examination is simply different from a right to admit evidence, even evidence of a witness’s own inconsistent statements. Thus, the putative confrontation right that Blackston asserts here is not clearly established by the Supreme Court’s precedents.
The majority’s mistake in concluding otherwise, I respectfully suggest, is twofold. First, the majority observes that “[ljeaving the regulation of out-of-court statements to the law of evidence would render the Confrontation Clause powerless[,]” op. at 353 (quoting Crawford, 541 U.S. at 51, 124 S.Ct. 1354); and the majority then concludes that, if we were to deny habeas relief here, we would “adopt sub silentio the very outcome [the Court] rejected in Crawford,” op. at 353. But that conclusion does not follow. In Crawford, the Supreme Court itself regulated the admission of out-of-court statements under the Confrontation Clause, when it held that, subject to certain exceptions not relevant here, “[testimonial statements of witnesses absent from trial” are admissible “only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine.” 541 U.S. at 59, 124 S.Ct. 1354. That standard is undisputedly met here. Thus, a decision to deny relief in this case would not “leav[e] the regulation of out-of-court statements to the law of evidence^]” Id. at 51, 124 S.Ct. 1354. Instead, a decision to deny relief would leave the regulation of those statements to the standard set by the Supreme Court in Crawford — which, on habeas review, is where we are obliged to leave it.
The second mistake is similar. For purposes of direct review, the majority’s argument might be a strong one: if Simpson and Zantello had offered live testimony in Blackston’s second trial to the effect of their testimony in the first, there is little question that, under the Davis line of *364 cases, Blaekston would have had a right to cross-examine each of them about their recantations. Only the fortuity of the witnesses’ unavailability at the second trial prevented Blaekston from exercising that right. Thus, the majority concludes, the Confrontation Clause required admission of the recantations.
The problem, again, is that the Davis line of cases establishes only a right of cross-examination, not a right to introduce evidence. See supra. Thus, the majority’s reasoning amounts to an extension of the holdings from those cases, rather than an application of them. And that distinction is one the Court has spoken to directly. “Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court’s precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error.” White v. Woodall, — U.S. -, 134 S.Ct. 1697, 1706, 188 L.Ed.2d 698 (2014) (emphasis in original). As I read Woodall, that is the end of the matter; but I add that there are reasonable arguments against extending the Davis line of cases to require admission of the recantations at issue here. Those reasons include that, had the recantations been admitted, the prosecution would have had no ability to cross-examine Simpson or Zantello about them; and that Blackston’s cross-examination of those witnesses in the first trial — the transcript of which was admitted as evidence in the second — was vigorous indeed.
I respectfully dissent.